UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SHEPLER'S INC. D/B/A SHEPLER'S MACKINAC ISLAND FERRY SERVICE, AND MACKINAC ISLAND FERRY COMPLANY D/B/A ARNOLD TRANSIT COMPANY,

      Plaintiff/
      Counter-Defendants,

v.

CITY OF MACKINAC ISLAND,

      Defendant/
      Counter-Plaintiff.
_____/

Case No. 2:25-cv-36

Hon. Robert J. Jonker
U.S. District Judge

## ORDER

This Order addresses Plaintiffs' motion to compel discovery and for a protective order, ECF No. 106, and Defendant City of Mackinac Island's response, ECF No. 115. Plaintiffs ask the Court to issue an order compelling the City of Mackinac Island ("the City") to produce the following materials:

- documents and communications the City deems are protected by the deliberative process privilege;
- documents and communications concerning the "Saylor Opinion letter";
- communications relating to declarations provided by non-parties in support of the City's motion for preliminary injunction; and
- documents concerning the City's service fees and transportation methods.

Additionally, Plaintiffs seeks a protective order forbidding the City from deposing nonparty Hoffman's founder and chairman, David Hoffman.

## I. Legal Standards Relating to Discovery Disputes

Federal Rule of Civil Procedure 26(b)(1) provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The scope also falls within the broad discretion of the trial court. *Id.* "Discovery requests are not limitless, and parties must be prohibited from taking 'fishing expeditions' in hopes of developing meritorious claims, and the court retains final discretion to determine whether a discovery request is broad or oppressive." *Bentley v. Paul B. Hall Reg'l Med. Ctr.*, No. 7:15-CV-97, 2016 WL 7976040, at *1 (E.D. Ky. Apr. 14, 2016) (quoting *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

The trial court is empowered to prevent discovery that falls outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). Discovery may be denied if: (i) it is unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the requesting party

has already had ample opportunity to obtain it; or, (iii) it falls outside the scope of discovery set forth in Rule 26(b)(1). *Id.*

Generally, the party seeking discovery is obliged to demonstrate relevance. *Gazvoda v. Sec'y of Homeland Sec.*, No. 15-CV-14099, 2017 WL 168159, at *4 (E.D. Mich. Jan. 17, 2017); *Staggs v. Panda Express, Inc.*, No. 3:24-CV-00010, 2024 WL 4509101, at *2 (M.D. Tenn. Oct. 16, 2024). When the information sought appears to be relevant, "the burden shifts to the party resisting discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case," *Allgood v Baptist Mem'l Med. Grp., Inc.*, No. 19-2323-JTF-tmp, 2020 WL 86455, at *1 (W.D. Tenn. Jan. 7, 2020) (citation omitted), or to establish that the information either is not relevant or is so marginally relevant that the presumption of broad disclosure is outweighed by the potential for undue burden or harm. *O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 463 (S.D. Ohio 2015). Otherwise, the party opposing production generally bears the burden of establishing that the discovery sought falls beyond the purview of Rule 26. *See Shropshire v. Laidlaw Transit, Inc.*, No. CIV A 06–10682, 2006 WL 6323288, *2 (E.D. Mich. Aug. 1, 2006) ("The party who resists discovery has the burden to show discovery should not be allowed and has the burden of clarifying, explaining, and supporting its objections.").

A party objecting to discovery must state with particularity the grounds for objection and why the request cannot be responded to as is. Boilerplate objections, such as the discovery requests are "overly broad," are "vague," are "not proportional to the needs of the case," are "unduly and substantially burdensome," or "are not

likely to lead to admissible information" are "legally meaningless and amount to a waiver of an objection." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F.Supp.3d 626, 637 (E.D. Mich. 2021) (internal citation omitted); *see also Davis v. American Highwall Mining, LLC*, 570 F.Supp.3d 491, 495 (E.D. Ky. 2020) (collecting several authorities in support). Boilerplate objections and blanket refusals to search for relevant documents will not be deemed acceptable responses to discovery requests. *Staggs*, 2024 WL 4509101, at *2.

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production against another party when the latter has failed to answer interrogatories under Rule 33 or produce documents requested under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). For purposes of Rule 37(a), "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).

## II. Analysis

### 1. *City's Documents and Communications*

As background, Plaintiffs issued twenty interrogatories and thirty requests for production, ECF Nos. 107-1, 107-2. The City responded with several objections and a privilege log. *Id.*, ECF No. 107-10 (privilege log). Each response with objections cited multiple forms of privilege, many of which included an assertion of the deliberative process privilege. For example, a portion of the City's response to Interrogatory 4 is shown below:

4

> 4. Identify all individuals who participated in, contributed to, or were consulted regarding the City's determination that a monopoly exists with respect to ferry boat service to and from the City of Mackinac Island. For each individual, provide their name, title, role, employer or affiliation, and current address.
>
> **RESPONSE**: The City objects to the terms "participated in," "contributed to," and "consulted" as vague, ambiguous, and not further defined in Plaintiffs' Requests. The City further objects to this Request to the extent it seeks information protected <mark>by the attorney-client privilege, attorney work product protection, deliberative process privilege, and/or trial preparation privilege</mark> under Fed. R. Civ. P. 26(b)(3). The City also objects to this Request as seeking information

ECF No. 107-2, PageID.1879. However, the City's privilege log does not identify the deliberative process privilege as one of the City's grounds for withholding materials that would be responsive to Plaintiffs' discovery requests. *See* ECF No. 107-10, PageID.1936-40 (privilege log listing only "attorney work product" and "attorney-client privileged" under the privilege type column).

Now, Plaintiffs ask the Court to issue an order compelling the City to produce responsive materials that it withheld based on the deliberative process privilege. ECF No. 107, PageID.1830.

The deliberative process privilege applies to agency decision-making processes. Regarding the privilege, the Sixth Circuit has explained:

> The deliberative process privilege, a carve-out of the Freedom of Information Act (FOIA), 5 U.S.C. § 552, aims to protect documents that are both "predecisional" and "deliberative." *Norwood v. FAA*, 993 F.2d 570, 576 (6th Cir. 1993). "A document is predecisional when it is received by the decisionmaker on the subject of the decision prior to the time the decision is made, and deliberative when it reflects the give-and-take of the consultative process." *Id.* (quotation marks and alterations omitted). The privilege extends when "the disclosure of materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." *Id.* at 577 (quotation marks omitted).

5

> Purely factual and investigative matters that are severable without compromising the confidentiality of other documents do not enjoy the privilege. *Id.*
>
> We have previously held that the district court must be aware of "how each document fits into the deliberative process" and whether it is an "essential element of that process . . . ." *Parke, Davis & Co. v. Califano*, 623 F.2d 1, 6 (6th Cir. 1980). Given that FOIA encourages complete disclosure, the privilege may only be invoked with specificity and "detailed explanations," and the burden lies with the agency to prove that disclosure would create a chilling effect. *Id.*

*United States ex. rel. Williams v. Renal Care Group, Inc.*, 696 F.3d 518, 527 (6th Cir. 2012).

Here, the City asserted the deliberative process privilege in its responses to 23 of the 27 document requests: requests 1-8, 10-14, 18-22 and 25-29. ECF No. 107-1. However, in each of these responses, the City also asserted other privileges. Specifically, the City responded repeatedly as follows: "[t]he City further objects to this Request to the extent it seeks information protected by the *attorney-client privilege, attorney work product protection, and/or deliberative process privilege,* which documents the City will not produce." ECF No.107-1, PageID.1845-71 (emphasis added).

The City's broad assertions of privileges do not provide the specificity required by Rule 26(b)(5)(A), which governs assertions of privilege in discovery. "When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material," the party must "expressly make the claim" and "describe the nature of the documents, communications, or tangible things not produced...in a manner that, without

6

revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A). The City's responses do not provide the necessary specificity.

Further, the City did provide a privilege log that included assertions of other privileges. But the City's privilege log does not include any mention of the deliberative process privilege. *See* ECF No. 107-10, PageID.1936-40.

Thus, the undersigned agrees with Plaintiffs that the City has not asserted the deliberative process privilege in a manner that complies with Rule 26(b)(5)(A). However, *that is not the end of the story*. The City asserted attorney work product and/or attorney-client privilege in its discovery responses <u>and</u> provided a privilege log that identifies the materials the City asserts are covered by these privileges. Plaintiffs' motion to compel does not address the other privileges raised in the City's objections and privilege log.

Accordingly, Plaintiffs motion for an order compelling the City to produce documents and communications that it withheld under the deliberative process privilege is respectfully **denied**.

### 2. *"The Saylor Letter"*

At the request of the City, attorney Larry J. Saylor authored an opinion letter in 2024 covering antitrust and competition issues between Plaintiffs and Arnold Transit – "the Saylor Letter." The City published Saylor's letter on its website. *See* https://www.cityofmi.org/media/406.

Plaintiffs issued Request for Production (RFP) #5, shown below, regarding this letter, and received the response shown:

> 5. All documents and communications concerning the Saylor Opinion Letter, including but not limited to all drafts, internal and external communications, emails, memoranda, notes, and correspondence discussing the contents of the Saylor Opinion Letter or its implications for this litigation. This Request includes, without limitation, all communications between the City and its legal counsel, consultants, or advisors, and any communications with third parties concerning the Saylor Opinion Letter.
>
> **RESPONSE**: The City objects to the term "concerning" as vague, ambiguous, and not further defined in Plaintiffs' Requests. The City further objects to this Request because it seeks information protected by the attorney-client privilege, attorney work product protection, and/or deliberative process privilege. Based on that objection, the City will not produce any documents in response to this Request other than the January 7, 2025 Letter from Mr. Saylor MACKINAC0000757-MACKINAC0000760. To the extent that any responsive documents contain privileged or otherwise protected materials, the City will list those documents on a privilege log.

ECF No. 107-1, PageID.1852.

In the present motion, Plaintiffs argues that the City waived any privileges by publishing the letter. In response, the City argues that the letter is irrelevant to the issues in this case and maintains that the related documents are privileged.

In its response to Plaintiffs motion to compel, the City also argues that documents and communications concerning the Saylor letter are irrelevant because the Court bifurcated proceedings regarding the Franchise Agreement claims and the antitrust claims, with discovery only going forward on the breach of contract portion of the case. *See* ECF No. 125 (Order dismissing the City's antitrust claim).

In its Order dated Oct. 21, 2025, ECF No. 96, the Court explained that disclosure and discovery are going forward only on the contract issues until there is a determination on whether the antitrust claim survives a motion to dismiss filed under Rule 12(b)(6). ECF No. 96, PageID.1693-94. On February 20, 2026, the Court issued an Order dismissing the antitrust claim. ECF No. 125. Accordingly, discovery disputes regarding the antitrust issues in the case are not relevant.

Plaintiffs assert that the Saylor Letter is "a four-page opinion letter concerning both antitrust issues and general competition between Shepler's and Arnold Transit." ECF No. 107, PageID.1832. In the opinion of the undersigned, the Saylor Letter concerns predominantly antitrust issues. Thus, discovery pertaining to the Saylor Letter is not relevant to the issues ripe for discovery. Accordingly, the undersigned respectfully **denies** Plaintiffs motion to compel as it pertains to Saylor Letter materials without prejudice.

### 3. *Communications Concerning Declarations by Non-Parties the City Offered in Support of its Motion for Preliminary Injunction*

Plaintiffs seek all documents and communications concerning declarations by non-parties the City included in support of its motion for preliminary injunction. *See* ECF No. 107, PageID.1835 (citing declarations from non-parties in ECF Nos. 36-3, 36-4, 36-7, 36-8, 36-10, 36-11, 36-12, 36-13).

The Plaintiffs' request and the City's response are shown below.

> 18. All documents and communications concerning the declarations submitted by the City in connection with the preliminary injunction briefing, including emails and draft declarations.
>
> **RESPONSE**: The City objects to the term "concerning" as vague, ambiguous, and not further defined in Plaintiffs' Requests. The City further objects to this Request to the extent it seeks information protected by the attorney-client privilege, attorney work product protection, and/or deliberative process privilege, which documents the City will not produce.
>
> The City is producing responsive records at MACKINAC0000500-MACKINAC0000512; MACKINAC0000548-MACKINAC0000550; MACKINAC0000599-MACKINAC0000613; MACKINAC0000729-MACKINAC0000731; and MACKINAC0000740-MACKINAC0000743. The City is withholding documents responsive to this Request on the basis of privilege.

ECF No. 107-1, PageID.1861.

The City's motion for preliminary injunction included an index listing its supporting exhibits, including several declarations.

**INDEX OF EXHIBITS TO CITY OF MACKINAC ISLAND'S MOTION FOR PRELIMINARY INJUNCTION**

| Exhibit No. | Description |
|---|---|
| Exhibit 1: | Declaration of Mayor Margaret M. Doud |
| Exhibit 2: | Declaration of David J. Jurcak |
| Exhibit 3: | Declaration of Matthew E. McLogan |
| Exhibit 4: | City of Mackinac Island Charter (excerpts) |
| Exhibit 5: | Ordinance No. 465 (2012) |
| Exhibit 6: | Declaration of Michael J. McPhillips |
| Exhibit 7: | Declaration of Patricia L. Martin |
| Exhibit 8: | December 11, 2024 Council Resolution |
| Exhibit 9: | Declaration of Melissa Meehan |
| Exhibit 10: | Declaration of Mark H. Ware |
| Exhibit 11: | Declaration of Hugh J. Ravitz |
| Exhibit 12: | Declaration of Mary F. Dufina |
| Exhibit 13: | Ordinance No. 629 |
| Exhibit 14: | Transcript of Chris Shepler Interview |
| Exhibit 15: | 910 News Article |
| Exhibit 16: | St. Ignace News Article |

ECF No. 36-1.

It should also be noted that the City's privilege log refers to documents relating to declarations that were withheld based on the attorney work product doctrine. ECF No. 107-10, Log Nos. 1-9, 13-18, 21, 25-36, 39, 40, 42-44. A summary is included in the table below.

| Log No. | Declarant |
|---|---|
| 1 | McLogan |
| 2 | Jurcak |
| 3 | Ware |
| 4 | Unidentified |
| 5 | Meehan M. |
| 6 | Ravitz H. |
| 7 | Martin P. |
| 8 | McLogan |

11

| Log No. | Declarant |
|---|---|
| 9 | Hygh T. |
| 13 | Martin P. |
| 14 | Meehan M. |
| 15 | Ravitz H. |
| 16 | Unidentified |
| 17 | Jurcak |
| 18 | McPhillips |
| 21 | Hygh T. |
| 25 | Unidentified |
| 26 | Doud |
| 27 | Unidentified |
| 28 | Unidentified |
| 29 | Doud |
| 30 | Unidentified |
| 31 | Meehan |
| 32 | Unidentified |
| 33 | Unidentified |
| 34 | Unidentified |
| 35 | McPhillips M. |
| 36 | Unidentified |
| 39 | Ware M. |
| 40 | Ware M. |
| 42 | Ware M. |
| 43 | Unidentified |
| 44 | Unidentified |

Citing *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303 (E.D. Mich. 2000), Plaintiffs assert that "[m]aterials underlying an affidavit that are not subject to attorney-client or work product protection are not privileged simply by virtue of being part of an affidavit or its preparation." ECF No. 107, PageID.1835. Plaintiffs explain that *Infosystems* declined to extend work product protection to an "affidavit, prior drafts of [an] affidavit, and communications concerning [an] affidavit," reasoning that "[a]n affidavit. . . purports to be a statement of facts within the personal knowledge of the *witness*, and not an expression of opinion of counsel." *Id*.

The City takes a different view, maintaining that documents and communications relating to these declarations are protected from disclosure by

12

attorney work product doctrine. ECF No. 115, PageID.2219. The City argues that *Infosystems* never analyzed whether the drafts and correspondence surrounding an affidavit may reveal the thought processes of counsel. ECF No. 115, PageID.2220.

> Regarding the work-product privilege, the Sixth Circuit has explained:
>
> "The work-product doctrine is a procedural rule of federal law; thus, Federal Rule of Civil Procedure 26 governs this diversity case." *In re Professionals Direct Ins. Co.*, 578 F.3d 432, 438 (6th Cir. 2009). The work-product privilege protects documents "prepared in anticipation of litigation . . . by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Our test "asks (1) whether a document was created because of a party's subjective anticipation of litigation, as contrasted with an ordinary business purpose, and (2) whether that subjective anticipation of litigation was objectively reasonable." *United States v. Roxworthy*, 457 F.3d 590, 594 (6th Cir. 2006).

*South Fifth Towers, LLC v. Aspen Ins. UK, Ltd.*, 763 Fed. Appx. 401, 405 (6th Cir. 2019).

Here, the documents, communications, and drafts related to the non-party declarations were reasonably created in anticipation of the present litigation. As the City explains, *Infosystems* did not consider the role of counsel's thought processes in affidavit draft correspondence. Counsel and a declarant may go back and forth with multiple drafts before the declarant signs the final product. Those earlier drafts are not the statements of the declarant because they did not sign the earlier versions. Instead, those drafts may be understood as counsel's own impressions about the case and the declarant's role in the matter. As such, in the opinion of the undersigned, affidavit draft materials are protected attorney work product. *See Mitura v. Finco Servs., Inc.*, 347 F.R.D. 299, 301 (S.D.N.Y. 2024) ("[a]n attorney's drafts of an affidavit

13

or declaration are 'classic work product.'") (citation omitted). Accordingly, the undersigned respectfully **denies** Shepler's motion to compel as it pertains to communications with non-party declarants.[1]

### 4. Discovery Concerning Service Fees and Transportation Methods

Next, Plaintiffs seek "[d]ocuments sufficient to show all municipal fee, hotel rate, bike rental fee, and other service fee increases in the city from January 1, 2022, to the present" (request 15) and "alternatives to Shepler's and MIFC's for ferry service…, including any potential new franchisees or City-run or supported ferry service" (request 23). ECF No. 107, PageID.1836-37. The City argues that these requests are irrelevant. These requests and the responses are shown below.

### Request for Production 15

> 15. Documents sufficient to show all municipal fee, hotel rate, bike rental fee, and other service fee increases in the City from January 1, 2022, to the present.
>
> **RESPONSE:** The City objects to the term "other service fee" as vague, ambiguous, and not further defined in Plaintiffs' Requests. The City also objects to this Request as not proportional to the needs of the case and seeking information that is not relevant to any party's claims or defenses, specifically, increases in fees unrelated to ferry services have no bearing on whether the City has authority to regulate ferry services or the lawfulness, excessiveness, or reasonableness of the charges, rates, and prices implemented by Plaintiffs. The City further objects to this Request

---

[1] However, if one of more of the declarants actually signed or verified an earlier version of a declaration, then the earlier version would be discoverable. The conclusion stated above applies to draft versions of a declaration that were not signed or verified by the declarant.

as overbroad in time. The City also objects to this Request because it seeks documents regarding the fees charged by non-parties to this litigation that are outside the possession, custody, and control of the City. On the basis of its objections, the City will not produce any documents in response to this Request.

ECF No. 107-1, PageID.1859-60.

### *Request for Production 23*

23. All documents and communications regarding alternatives to Shepler's and MIFC's for ferry service to and from Mackinac Island, including any potential new franchisees or City-run or supported ferry service.

**RESPONSE**: The City objects to the terms "regarding," "alternatives," and "City-run or supported ferry services" as vague, ambiguous, and not further defined in Plaintiffs' Requests. The City also objects to this Request as overly broad and not proportional to the needs of the case because it is unlimited in time. The City further objects to this Request because it seeks information regarding the City's antitrust claims and therefore exceeds the scope of discovery permitted under the Court's First Case Management Order (ECF No. 31). The City further objects to this Request as seeking information that is not currently relevant to any party's claims or defenses and not proportional to the needs of the case because Section 9 of the Franchise Agreement provides that, "[i]n the event that **no competition** is found to exist in **ferry boat service** to and from the City, the City has the right to assert its jurisdiction over schedules and fares to the extent permitted by present law" (emphasis added); thus, the relevant inquiry is the market as it exists currently under the Franchise Agreements, and alternatives to existing ferry services have no bearing on the parties' claims and defenses. On the basis of its objections, the City is not producing any responsive documents at this time.

ECF No. 107-1, PageID.1865-66.

Plaintiffs assert that these requests pertain to Plaintiffs' argument that their increased rates are caused by outside factors affecting Mackinac Island businesses.

ECF No. 107, PageID.1836 (asserting "that both Shepler's and Arnold Transit are driven by, *inter alia,* increases in local taxes, payroll, and lost ticket value"). Furthermore, as Plaintiffs' brief indicates, the Francise agreement is "non-exclusive" and alternative ferry service options are relevant to potential competition. Thus, in the opinion of the undersigned, Plaintiffs' requests are relevant to the issues in this case. Accordingly, the undersigned **grants** Plaintiffs' motion to compel as it pertains to Request for Production 15 and Request for Production 23. The City shall provide responsive materials in their possession[2] within two weeks of this order.

### 5. *Protective Order*

Finally, Plaintiffs seek a protective order forbidding the City from deposing nonparty Hoffmann's founder and chairman David Hoffman. ECF No. 107, PageID.1838. In response, the City argues that their deposition notices seek relevant information and David Hoffman has unique personal knowledge regarding the Arnold and Mackinac Island Franchise Agreement. ECF No. 115, PageID.2223-27.

This Court has previously denied Plaintiffs' attempts to bring Hoffman into the case through discovery requests. In a prior Order, ECF No. 96, the Court explained:

> The Court is also denying the City's Motion to enforce its Rule 45 subpoena to Hoffman. Once again, the starting point for the Court's analysis is that the contract issues currently open for disclosure and

---

[2] The Sixth Circuit, in *In re Bankers Trust Co.*, stated that "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." 61 F.3d 465, 469 (6th Cir. 1995) (emphasis in original) (citing *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992).

> discovery are distinct from the antitrust issues that may or may not ultimately be in the case. The vast majority of the 45 topics the subpoena addresses are germane primarily to potential antitrust issues. (ECF No. 78-1, PageID.1553-58). To the extent there is any overlap on the contract issues, the kind of information at issue can and should be requested and provided by the separate ferry companies that are already party to the case.

ECF No. 96, PageID.1695. Furthermore, the Court issued an Order dismissing the antitrust claim and denying the City's motion to join Hoffman as a party to this suit. ECF No. 125.

Consistent with the Court's prior Orders, only the contract issues surrounding the Franchise Agreement remain in this case. The City contends that Chairman Hoffman has personal knowledge of the Franchise Agreement. Therefore, in the opinion of the undersigned, deposing Chairman Hoffman is relevant to the needs of the case. Accordingly, the undersigned respectfully **denies** Plaintiff's motion for a protective order.

### III.  Rule 37 Costs

Federal Rule of 37(a)(5) pertains to the payment of expenses and protective orders for motions to compel. Rule 37(a)(5)(A)-(C) provides:

> (A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

17

>> (iii) other circumstances make an award of expenses unjust.
>
> (B) *If the Motion Is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> (C) *If the Motion Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(A)-(C).

Rule 37(a)(5)(C) does not mandate payment of reasonable expenses and fees if a motion to compel is granted in part and denied in part, which is the case here. Accordingly, the undersigned declines to grant reasonable expenses and fees.

## IV. Conclusion

In summary, for the reasons stated above, the undersigned **grants in part and denies in part** Plaintiffs' motion to compel and for a protective order, ECF No. 106, as follows:

- Plaintiffs' motion to compel is denied with respect to their request to the City for documents, communications, materials relating to the Saylor Letter, and communications with non-party declarants;

- Plaintiffs' motion to compel is granted with respect to their requests for discovery concerning service fees and transportation methods; and

- Plaintiffs' motion for a protective order forbidding the City from deposing nonparty Hoffmann's founder and Chairman David Hoffman is respectfully denied.

IT IS SO ORDERED.

Dated:   February 24, 2026                               /s/ *Maarten Vermaat*
                                                         MAARTEN VERMAAT
                                                         U.S. MAGISTRATE JUDGE