UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SHEPLER'S INC., et al.,

      Plaintiffs/Counter-Defendants,

                                Case No. 2:25-cv-36

v.

                                HON. ROBERT J. JONKER

CITY OF MACKINAC ISLAND,

      Defendant/Counter-Plaintiff.

_____ /

## __ORDER__

Magistrate Judge Vermaat issued an Order granting in part and denying in part the City of Mackinac Island's ("the City") motion to compel the Ferry Companies to produce certain discovery materials. (ECF No. 127). The City appeals the Magistrate Judge's decision to deny some of their requests. (ECF No. 132).

In considering an appeal of a magistrate judge's ruling on a nondispositive pretrial motion, like a motion to compel, the Court applies a "clearly erroneous or contrary to law" standard of review. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *accord Brown v. Wesley's Quaker Maid, Inc.*, 771 F.2d 952, 954 (6th Cir. 1985) (citing 28 U.S.C. § 636(b)(1)(a)); *see also* FED. R. CIV. P. 72(a) (noting that a district judge must consider timely objections to nondispositive pretrial orders of magistrate judge and modify or set aside any part of order that is clearly erroneous or is contrary to law). A finding is "clearly erroneous" when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

1

As the Magistrate Judge correctly noted, parties may only obtain discovery material "that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). And, as the Magistrate Judge noted, the Court retains final discretion to limit "proposed discovery" that "is outside the scope" of that rule. FED. R. CIV. P. 26(b)(b(2)(C)(iii). After reviewing the Magistrate Judge's Order, the Court finds no error in the Magistrate Judge's decision to limit the scope of the City's discovery. To the contrary, the Court finds the Magistrate Judge's application of discovery rules to the City's requests legally sound. The City's appeal lacks merit. Accordingly, the Magistrate Judge's Order is affirmed, and the City's appeal is overruled.

In response to the City's appeal, the Ferry Companies also ask the Court to grant an award of reasonable attorney's fees and other costs. (ECF No. 134, PageID.2479). The Court determines that fees are not warranted under the circumstances here. *See* FED. R. CIV. P. 37(A)(5)(C). Both sides would benefit from reducing the RPMs on their litigation engines and putting their disputes in perspective. Everyone agrees that Mackinac Island is a Michigan treasure enjoyed by a million, or more, tourists every season. For that to continue, each side of this dispute needs the other to thrive and prosper. Moreover, the Franchise Agreement that is the only remaining issue in this case expires next year. At most, the rulings of the Court in this case will cover only two seasons of operation. There will not be time by ordinary litigation standards to get a final decision on the Franchise Agreement issues from this Court and the Court of Appeals before the Agreement ends by its own terms. A sensible approach to litigating this case needs to recognize that.

Equally important, the parties have not even begun to engage with each other on what will happen after the Franchise Agreements expires in 2027. The City appears to believe the Ferry Companies are a public utility subject to rate making and other regulation as such. The Ferry Companies adamantly resist that characterization. These issues are not yet before the Court and

2

should never come before the Court; a sensible business solution should prevent that. But the parties have to engage with each other because after the 2027 season, neither side has any obligation to the other. Either can walk away from the other, which could hurt both. So, unless the Ferry Companies are willing to walk away from the Island altogether and the City is willing to start some other passenger transportation system from scratch—both of which seem unlikely—the parties should spend less time and money fighting over the last two seasons of the 15-year franchise.[1] They should start structuring their post-2027 arrangements so everyone can continue to enjoy the unique pleasure and beauty of the Mackinac Island experience.

**IT IS ORDERED** that the Magistrate Judge's Order (ECF No. 127) is **AFFIRMED**. The City's Appeal (ECF No. 132) is **OVERRULED**.

Dated:   April 20, 2026           /s/ Robert J. Jonker
                                  ROBERT J. JONKER
                                  UNITED STATES DISTRICT JUDGE.

---

[1] The Court of Appeals recently reiterated these same concerns. *See Shepler's Inc. v. City of Mackinac Island*, No. 25-1668, 2026 WL 700482, at *10 (6th Cir. Mar. 12, 2026) (McKeague, J., concurring).