**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

| | |
|---|---|
| Shepler's Inc. d/b/a Shepler's Mackinac Island Ferry Service, and Mackinac Island Ferry Company d/b/a Arnold Transit Company,<br><br>*Plaintiffs/Counter-Defendants*,<br><br>v.<br><br>City of Mackinac Island,<br><br>*Defendant/Counter-Plaintiff*. | Case No.: 2:25-cv-00036 (RJJ) (MV) |

**PLAINTIFFS' UNOPPOSED MOTION TO EXTEND TIME TO RESPOND TO THE CITY'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIMS AND A THIRD-PARTY CLAIM**

Plaintiffs/Counter-Defendants Shepler's, Inc. and Mackinac Island Ferry Company (together, "Plaintiffs" or the "Ferry Companies") hereby move for an extension of time of thirty (30) days, from August 19, 2026 to on or before **September 18, 2026**, to respond to the motion for leave to file a Second Amended Counterclaim and to join the Hoffmann Family of Companies as Counterparty Defendant (ECF No. 195) filed by Defendant/Counter-Plaintiff the City of Mackinac Island (the "City") on August 5, 2026. Under Fed. R. Civ. P. 15(a)(3) and L.Civ.R. 7.3(c), the current deadline for the Ferry Companies' responses is August 19, 2026 (14 days). In support of this motion, the Ferry Companies state:

1. Pursuant to Local Rule 7.1(d), and as set forth in the accompanying Certificate, counsel for the parties conferred regarding this request on August 13, 2026 and the City confirmed that it did not object to Plaintiffs' request for a thirty-day extension.

2. This request is not for the purpose of unjustified delay. (*See* W.D. Mich. Civility Plan, https://www.miwd.uscourts.gov/sites/miwd/files/Civility%20Plan.pdf.)

3. There is no prejudice to any party or the schedule in granting the requested extension.

4. As the Court is aware, this Court bifurcated the schedule between the purely contractual issues under the Franchise Agreement and the antitrust issues now raised for a third time in the City's Proposed Second Amended Counterclaim.

5. The current Case Management Order and discovery deadline concerns only the contract issue and sets a discovery end date for September 25, 2026. (*See* ECF No. 189).

6. As this Court explained at the May 28, 2025, Rule 16 Conference, while there are overlapping issues between the contract and antitrust claims, "antitrust litigation does tend to be much more complicated, much more expert oriented, much more focused on, you know, cross elasticity of demand and other issues that experts like to talk about, and particularly when we are talking about not just what I'll call ferry service to and from the island, but what I'll call ancillary services, services related to it, whether it's parking or otherwise." (ECF No. 70-2, Transcript of 5/28/25 Rule 16 Conference, p. 47).

7. This Court recognized that "the antitrust piece of the case is going to be much more complicated and involved and could easily swamp the time that's left in the existing two years [of the Franchise Agreement] anyway." (*Id.* at p. 48). Thus, this Court gave the parties "separate schedules on the antitrust issues" because it wanted to first decide "the dismissal motion." (*Id.*) And this Court indeed granted the Ferry Companies' prior request for an extension of time to file a motion to dismiss the City's First Amended Counterclaims and to oppose the City's motion to join the Hoffmann Family of Companies as a party. (*See* ECF No. 73).

8. The 14-day period provided by Local Rule 7.3(c) is not adequate for briefing the opposition to the City's motion for leave to file a second amended counterclaim and to join the Hoffmann Family of Companies, as, in addition to work on other matters, counsel for Plaintiffs will be taking six depositions over the next two and a half weeks and will be defending an additional seven depositions during the first two weeks of September.

9. In this circumstance, where (a) the Court has previously recognized the complexity of the antitrust piece of this case, (b) the City has failed twice already to state a viable antitrust claim, (c) the City again seeks to add a new party (Hoffmann), (d) Local Rule 7.3(c) provides only 14 days to respond, (e) there is no schedule set on the antitrust claims, (f) the parties and the Court already anticipate the antitrust portion of this case to take years (if the City is granted leave and states a viable claim), (g) the Ferry Companies intend to oppose the addition of Hoffmann, and (h) counsel for Plaintiffs will be devoting substantial time in the next six weeks to completing discovery in compliance with the Court's Orders, there is no prejudice to the City and no unreasonableness in the Ferry Companies' request for thirty (30) days of additional time to adequately brief these issues.

WHEREFORE, the Ferry Companies respectfully request an extension of time of thirty (30) days, until on or before September 18, 2026, to file their opposition to the City's motion for leave to file a Second Amend Counterclaim and to join the Hoffmann Family of Companies as a third-party defendant.

[*Signature on the Following Page*]

Dated: August 13, 2026

Respectfully submitted,

BLANK ROME LP

*s/ Gregory P. Cronin*
Deborah A. Skakel
Gregory P. Cronin
1271 Avenue of the Americas
New York, NY 10020
Tel.: (212) 885-5156
deborah.skakel@blankrome.com
gregory.cronin@blankrome.com

Jayme L. Butcher
Union Trust Building
501 Grant Street, Suite 850
Pittsburgh, PA 15219
Tel.: (412) 932-2800
jayme.butcher@blankrome.com

- and –

DYKEMA GOSSETT PLLC

Mark J. Magyar
201 Townsend Street, Ste. 900
Lansing, MI
Tel.: (616) 334-4447
mmagyar@dykema.com

*Attorneys for Plaintiffs*

**IT IS SO ORDERED.**

Dated: August 17, 2026

/s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served on August 13, 2026, on all counsel of record via the ECF filing system.

*s/ Gregory P. Cronin*